Clyde Russell BURK, Paula Jean Burk and Kathryn Burk, Plaintiffs,

v.

HONDO OIL & GAS COMPANY, Atlantic Richfield Company, Amerada Hess Corporation, Lario Oil & Gas Company, Sunray DX Oil Company, and Texaco, Inc., Defendants.

No. CIV–90–1692–W.

United States District Court, W.D. Oklahoma.

April 29, 1991.

Dismissed with prejudice upon application of parties June 11, 1991.

Robert N. Barnes, Stack & Barnes, Oklahoma City, Okl., for plaintiffs.

Lee K. Simpson, Gregory A. McKenzie, McKenzie Sykora & Lee, Oklahoma City, Okl., J. Randall Miller, Jack H. Santee, Moyers Martin Santer Imel & Tetrick, Tulsa, Okl., Guy E. Taylor, Deborah A. Wolfe, David D. Morgan, Ames Ashabranner Taylor Lawrence Laudick & Morgan, Leslie G. Christensen, Dale E. Cottingham, John C. Moricoli, Jr., Moricoli Wilson Harris Cottingham & Hurst, R. Steven Haught, Daugherty Bradford Fowler & Moss, James M. Peters, Gayle F. Cook, Monnet Hayes Bullis Thompson & Edwards, Oklahoma City, Okl., for defendants.

ORDER

LEE R. WEST, District Judge.

This matter comes before the Court on motions to dismiss by Defendants Hondo Oil & Gas Company (Hondo), Atlantic Richfield Company (Arco), and Lario Oil & Gas Company (Lario). This lawsuit involves alleged pollution in an oil field by Defendants who were previous owners thereto. Defendants now assert that the present unit, operator and/or owners are indispensable parties to this litigation. If found to be indispensable parties, their joinder would destroy diversity jurisdiction, causing said matter to be dismissed. For the reasons stated below, this Court denies the Motions to Dismiss to the extent stated below.

Plaintiffs assert that the present Defendants were the primary polluters of the oil field. They further assert that the present operator and unit are not the causes of the pollution alleged. In the alternative, notwithstanding that the current operator and unit may be jointly liable, Plaintiffs maintain that they may sue a joint tortfeasor for nuisance without joining all tortfeasors. Plaintiffs explain that Defendants' remedy is to implead the current operator and unit.

■ Defendants assert that the Plaintiffs' prayer for relief includes abatement and cleanup of current pollution. They note that the absent parties may be prejudiced by collateral estoppel and future suits if nuisance is determined. Further, they note that this Court's order for cleanup

may disrupt operations on the oil field over which the present Defendants have no control.[1]

In response, Plaintiffs obtained affidavits from the absent parties stating, in effect, that they would not impede any court order regarding cleanup and abatement of the alleged pollution. Plaintiffs further state that the absent parties are aware of this lawsuit and the possible prejudice to them, and may seek intervention if they so desire.

This Court is primarily concerned with whether complete relief can be accorded among those already parties as provided under Rule 19, Fed.R.Civ.P. In that regard, this Court finds that the Plaintiffs may receive money damages for proof of any pollution caused by the present Defendants and further may seek cleanup operations assuming cooperation by the present operator and unit.

Accordingly, this Court will not require joinder of the absent parties, but hereby advises Plaintiffs that the Court will provide protective provisions in the judgment by shaping relief in such a manner as to lessen or avoid prejudice to the absent parties, as provided in Rule 19(b), Fed.R.Civ.P. In other words, to the extent that injunctive relief is impeded by this Court's inability to order the absent parties to comply, this Court will reduce Plaintiffs' relief.

To the extent stated herein, Defendants' Motions to Dismiss are hereby DENIED.

---

**1.** Defendant Hondo also argues that this action constitutes a collateral attack on the Oklahoma Corporation Commission Order which established the Unit. This Court disagrees. Nothing in Plaintiffs' Complaint urges that the Commission's Order is wrong. Defendant Hondo merely speculates that the general administrative machinery and powers of the Commission may be implicated. This does not constitute a collateral attack on the Commission's Order. *See Greyhound Leasing & Financial Corp. v. Joiner City Unit,* 444 F.2d 439, 445 (10th Cir.1971).